IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**TIM LEATHERBY**                                                                         **PLAINTIFF**

**v.**                                         **CIVIL ACTION NO. 3:21CV18-MPM-RP**

**JUDGE HOWEL**                                                     **DEFENDANT**

### REPORT AND RECOMMENDATION

Presently before the court is the plaintiff Tim Leatherby's motion to proceed *in forma pauperis*. Docket 2. Having reviewed the motion as well as the document docketed as the plaintiff's Complaint (Docket 1) and the Motion for Preliminary Injunction (Docket 5), the undersigned concludes that aside from the issue of the plaintiff's ability to pay the filing fee, his action fails to assert any claim on which relief may be granted or over which this court has subject-matter jurisdiction. As such the undersigned recommends that the action be dismissed and that the application to proceed *in forma pauperis* be denied as moot.

In order to proceed *in forma pauperis* in federal court, in addition to meeting the financial prerequisites, a plaintiff must establish that he has not raised a frivolous or malicious claim or a claim that fails to state a claim on which relief may be granted. The applicable standard is found in 28 U.S.C. § 1915(e)(2), which applies equally to prisoner and nonprisoner *in forma pauperis* cases. *See Newsome v. Equal Employment Opportunity Commission,* 301 F.3d 227, 231-33 (5th Cir. 2002) (affirming dismissal of nonprisoner claims for frivolity and failure to state a claim under § 1915(e)(2)(B)(i) and (ii)). The statute provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that –
>    (A) the allegation of poverty is untrue; or

1

> (B) the action or appeal –
>   (i) is frivolous or malicious;
>   (ii) fails to state a claim on which relief may be granted; or
>   (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).

Further, before the court can reach the merits of any case before it, the court must be assured that jurisdiction exists. "Federal Courts are courts of limited jurisdiction, without jurisdiction conferred by statute, they lack the power to adjudicate claims." *In re FEMA Trailer Formaldehyde Prods. Liab. Litig.*, 668 F.3d 281, 286 (5th Cir. 2012). "Subject-matter jurisdiction . . . refers to a tribunal's power to hear a case. It presents an issue quite separate from the question whether the allegations the plaintiff makes entitle him to relief." *Morrison v. Nat'l Austl. Bank Ltd.*, 561 U.S. 247, 254. "It is to be presumed that a cause lies outside [a federal court's] limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Pershing, L.L.C. v. Kiebach,* 2016 WL 1375874, at *1 (5th Cir. Apr. 6, 2016). "The mere mention of a federal statute or regulation is not sufficient to confer federal question jurisdiction." *Copeland v. Michaels Corp.*, 2016 WL 2978621, *2 (N.D. Miss. May 20, 2016).

It appears from the Complaint that the plaintiff has a dispute with his neighbor, and he is unhappy with the manner in which Justice Court Judge Trent Howell has handled the matter. A "Notice Addendum" attached to the complaint has listed at the top of the page "Violation of 14th 4th Amendments . . . Violation of 1983 Act." The plaintiff alleges that "Judge Howel[l] did violate these by his inattentiveness and ostrobogulous recklessness of the law did put my family and property in harm's way …" Docket 1. The plaintiff's Motion for Preliminary Injunction

2

seeks to have the federal court intervene in the Justice Court matter that is set for February 11, 2021. Docket 5.

As a judicial officer, defendant Justice Court Judge Trent Howell is cloaked with absolute judicial immunity and this case against him should be dismissed. Under the doctrine of judicial immunity, judicial officers are absolutely immune from civil liability for acts performed in the exercise of their judicial function. *Mireles w. Waco*, 502 U.S. 9, 10 (1991). Indeed, "[j]udicial immunity is an *immunity from suit* and not just from the ultimate assessment of damages." *Ballard v. Wall*, 413 F.3d 510, 515 (5th Cir. 2005) (emphasis added). Judicial immunity may be pierced in two circumstances: (1) "a judge is not immune from liability for nonjudicial actions, *i.e.*, actions not taken in the judge's judicial capacity"; and (2) "a judge is not immune from actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Bowling v. Roach*, No. 19-41003, 2020 WL 2838622, at *3 (5th Cir. May 29, 2020), *quoting Mireles v. Waco*, 502 U.S. 9, 11–12, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991). Four factors determine whether a judicial officer's actions are judicial in nature: (1) whether the acts are a normal judicial function; (2) whether the acts occurred in a courtroom or other judicial space; (3) whether the complained-of acts relate to a case pending before the judicial officer; and (4) whether the acts relate directly to an appearance before the judicial officer in his official capacity. *Malina v. Gonzales*, 994 F.2d 1121, 1125 (5th Cir. 1993).

Section 1983 also provides absolute judicial immunity to judicial officers against claims for injunctive relief:

> [I]n any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

3

42 U.S.C. § 1983.

Our sister court in the Southern District has come to the same conclusion, holding, "judicial Defendants are absolutely immune from suit for monetary damages as well as equitable relief." *Edmonson v. Lee*, No. 3:08CV149-LTS, 2008 WL 2080912, at *3 (S.D. Miss. May 9, 2008). This court also recognizes absolute judicial immunity for all types of suits, whether grounded in law or equity.

In this case, Justice Court Judge Trent Howell is clearly entitled to judicial immunity. First, the conduct complained of falls within the normal judicial function of a justice court judge. Second, Judge Howell's conduct appears to have all taken place either in the courtroom or another judicial space. Third, the actions plaintiff complains of all relate to a case pending before Judge Howell and last, the conduct relates directly to Plaintiff's appearance before Judge Howell in his official capacity.

Because it is clear that Judge Howell is entitled to judicial immunity, and because the plaintiff has failed to establish this court's subject matter jurisdiction, the undersigned recommends that his Complaint be DISMISSED for failure to state a claim on which relief may be granted and for lack of subject matter jurisdiction, and that his application to proceed *in forma pauperis* be DENIED as moot. Plaintiff is referred to 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b), and L. U. Civ. R. 72(a)(3) for the appropriate procedure in the event he desires to file an objection to these findings and recommendations. Objections are required to be (1) specific, (2) in writing, and (3) filed within fourteen (14) days of this date. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b). A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a magistrate judge's report and recommendation within 14

days after being served with a copy bars that party from: (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1998), and (2) appellate review, except on grounds of plain error, of unobjected-to proposed factual findings and legal conclusions accept by the district court. . . ." *Douglass v. United States Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc) (citations omitted).

This, the 11th day of February, 2021.

/s/ Roy Percy
UNITED STATES MAGISTRATE JUDGE